STATE OF MISSOURI ex rel. W. R.
KOSTMAN, Commissioner of
Finance, Plaintiff-Appellee,

v.

FIRST NATIONAL BANK IN ST.
LOUIS, a National Banking As-
sociation, Defendant-Appellant.

No. 76–1056.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1976.

Decided July 20, 1976.

R. H. McRoberts, St. Louis, Mo., for de-
fendant-appellant; Robert L. Sweney and
C. Perry Bascom, St. Louis, Mo., on brief.

Charles A. Blackmar, Asst. Atty. Gen.,
Jefferson City, Mo., for plaintiff-appellee;
John C. Danforth, Atty. Gen., and Irven L.
Friedhoff, Gen. Counsel, Div. of Finance,
Jefferson City, Mo., on brief.

Before HEANEY and HENLEY, Circuit
Judges, and SCHATZ, District Judge.*

PER CURIAM.

The First National Bank in St. Louis
appeals from the decision of the District
Court finding that the Bank's operation of
customer-bank, communication terminals
(CBCTs) constituted the operation of
branch banking within the meaning of 12
U.S.C. § 36(f). The District Court found
that this conclusion mandated the further
finding that the Bank maintained more
than two branch banks and was, therefore,
in violation of 12 U.S.C. § 36(c). The Dis-
trict Court enjoined the appellant from op-
erating the CBCTs in question or the utili-
zation of any similar machines. The court
later, however, suspended the permanent
injunction pending appeal. We affirm the
findings of the District Court.

12 U.S.C. § 36(f) provides:

The term "branch" as used in this sec-
tion shall be held to include any branch
bank, branch office, branch agency, addi-
tional office, or any branch place of busi-
ness located in any State or Territory of
the United States or in the District of
Columbia at which deposits are received,
or checks paid, or money lent.

12 U.S.C. § 36(c) provides that a national
bank may establish, with the approval of
the Comptroller of the Currency, branch
banks within a state provided that state
banks are also permitted by state statute to
establish and maintain similar type and
number of branch bank facilities. The case
law clearly establishes that national banks
are limited in this manner in order to pro-
vide for "competitive equality" in branch
banking. *First National Bank v. Dickinson,*
396 U.S. 122, 133, 90 S.Ct. 337, 24 L.Ed.2d
312 (1969); *First National Bank v. Walker
Bank & Trust Co.,* 385 U.S. 252, 261, 87

* ALBERT G. SCHATZ, District Judge, District of Nebraska, sitting by designation.

S.Ct. 492, 17 L.Ed.2d 343 (1966); *Nebraskans for Ind. Banking v. Omaha Nat. Bank*, 530 F.2d 755, 760 (8th Cir.) (en banc), *vacated and remanded on other grounds*, —— U.S. ——, 96 S.Ct. 2616, 48 L.Ed.2d 658, 44 U.S.L.W. 3698 (1976); *Driscoll v. Northwestern National Bank of St. Paul*, 484 F.2d 173, 175 (8th Cir. 1973). Section 362.107 R.S.Mo. (1969), provides that state banks may operate only two facilities in addition to the main banking office, upon approval of the State Financial Commissioner.

The stipulated facts show that the First National Bank in St. Louis is a national banking association having its principal place of business at Broadway and Locust Streets in the City of St. Louis, Missouri. The Bank also conducts business at two additional separate facilities in the City of St. Louis. On December 18, 1974, the Bank placed in operation two Douctel Total Teller machines (CBCTs) at locations separate and apart from the other offices of the Bank.

It is further stipulated that these machines have the capacity to receive deposits, to transfer funds between different kinds of accounts within the parent banking facility, to accept payments on obligations to the Bank by either deposit or transfer and to provide cash in prepackaged amounts of $25, $50, $75 and $100 to a customer of the bank properly operating these machines.

The definition of branch banking in 12 U.S.C. § 36(f) is in the disjunctive. The offering of any of the services listed therein, receiving deposits, paying checks or lending money, when performed at a location "apart from the chartered premises," provides a basis for concluding that branch banking is taking place. *Nebraskans for Ind. Banking v. Omaha Nat. Bank*, supra at 759.

Our review of this record discloses that the machines in question are capable of receiving deposits and crediting the amount deposited to the customer's account. The ability of the CBCT machine, when properly operated, to perform this banking transaction at a location "apart from the chartered facility" constitutes branch banking. *Independent Bankers Association of America v. Smith, Comptroller of Currency of United States*, 534 F.2d 921 (D.C.Cir. 1976). *See also State of Illinois ex rel. Lignoul, etc. v. Continental Illinois National Bank and Trust Company of Chicago*, 536 F.2d 176 (7th Cir. 1976).[1] As the First National Bank of St. Louis already performs banking functions at three separate locations, the installation and use of the CBCT machines at two other locations constitutes a violation of 12 U.S.C. § 36(c).

We affirm the decision of the District Court and order the permanent injunction reinstated.

---

1. Because 12 U.S.C. § 36(f) is in the disjunctive and we find that the CBCT machines can accept deposits, we do not need to consider whether these machines can also cash checks or lend money within the meaning of 12 U.S.C. § 36(f).